UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x

NML CAPITAL, LTD.,                          :

                    Plaintiff,         :

    – against –                            :

THE REPUBLIC OF ARGENTINA,                  :

                 Defendant.         :

                         :

-------------------------------------------x

FFI FUND, LTD. and FYI LTD.,                :

                  Plaintiffs,        :

    – against –                            :

THE REPUBLIC OF ARGENTINA,                  :

                 Defendant.         :

-------------------------------------------x

MONTREUX PARTNERS, L.P.,                     :

                  Plaintiff,         :

    – against –                            :

THE REPUBLIC OF ARGENTINA,                  :

                 Defendant.         :

-------------------------------------------x

05 Civ. 2434 (TPG)
06 Civ. 6466 (TPG)
07 Civ. 2690 (TPG)

OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/09

05 Civ. 3328 (TPG)

05 Civ. 4239 (TPG)

```
------------------------------------------------x
                                                :
LOS ANGELES CAPITAL,                            :
                                                :       05 Civ. 10201 (TPG)
                            Plaintiff,          :       07 Civ. 2349 (TPG)
                                                :
           – against –                          :
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                            Defendant.          :
                                                :
------------------------------------------------x
                                                :
CORDOBA CAPITAL,                                :
                                                :       06 Civ. 5887 (TPG)
                            Plaintiff,          :
                                                :
           – against –                          :
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                            Defendant.          :
                                                :
------------------------------------------------x
                                                :
WILTON CAPITAL, LTD.,                           :
                                                :       07 Civ. 1797 (TPG)
                            Plaintiff,          :
                                                :
           – against –                          :
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                            Defendant.          :
                                                :
------------------------------------------------x
```

On March 18, 2009, the court granted a motion for partial

summary judgment by plaintiffs in nine bondholder actions against the

Republic of Argentina as to the amount of interest owed by the Republic

on securities known as "Floating Rate Accrual Notes" ("FRANs"). The

Republic now raises an additional issue regarding plaintiffs' entitlement to statutory prejudgment interest.

Among the issues raised in the summary judgment motion was whether plaintiffs are entitled to statutory prejudgment interest on contractual interest accruing under the FRANs. Although the motion raised this issue with respect to all nine cases, the Republic only contested this issue with respect to the one case in which the payment of principal had been accelerated. With respect to that case, the court held that there is no right to receive statutory interest on contract interest accruing after acceleration. However, the court noted that the Republic had not objected to the accrual of statutory prejudgment interest on unpaid contract interest where acceleration never occurred, and that plaintiffs were therefore not precluded from seeking statutory interest in that situation.

By letter brief, the Republic now argues that plaintiffs are not entitled to statutory interest on contract interest that accrues after the FRANs reach maturity, even where payment has not been accelerated. However, the Republic waived this argument by failing to raise it in opposition to plaintiffs' motion for summary judgment. Plaintiffs' briefing papers explicitly stated that they were seeking an award of statutory interest on contract interest accruing after maturity, but the Republic chose not to address this argument.

In any event, the Republic's argument is without merit. As an initial matter, contrary to the Republic's contention, neither this court's March 18 opinion nor the Second Circuit's decision in <u>Capital Ventures Int'l v. Republic of Argentina</u>, 552 F.3d 289, 296-97 (2d Cir. 2009), applies to an award of interest where payments have not been accelerated. Indeed, the central premise of both of these decisions was that acceleration alters the debtor's obligation to pay interest, such that interest no longer accrues after acceleration. This does not, however, preclude the accrual of interest after maturity, where provided for by the contract and where acceleration has not occurred.

Here, the language of the Global Security certificate, which governs the FRANs, explicitly states that the Republic "promises . . . to pay interest [on the principal] . . . every six months . . . until the principal hereof is paid." Contractual interest therefore continues to accrue even after maturity, until the principal is paid. It is true, as the Republic contends, that the interest rate specified in the bonds' terms is the rate at which contractual interest accrues. The cases cited by the Republic do not stand for the proposition that interest cannot accrue after maturity where provided for by the contract.

Furthermore, New York law is clear that statutory interest is to be awarded on both the principal and interest due under the contract. N.Y. C.P.L.R. §§ 5001(a), 5004; <u>Spodek v. Park Prop. Dev. Assocs.</u>, 96 N.Y.2d 577, 581 (2001). Thus, plaintiffs here are entitled to statutory

- 4 -

- 5 -

interest on interest accruing under the contract even after maturity.  The

court will therefore enter the judgments proposed by plaintiffs.

      SO ORDERED.

Dated:  New York, New York
       May 28, 2009

                                  Thomas P. Griesa
                                  U.S.D.J.